Consolidated actions by all plaintiffs except one to recover damages for personal injuries sustained by reason of a leak in a cylinder containing liquefied chlorine and by plaintiff Philip Bogner for loss of consortium. *828 The cylinder had been refilled with chlorine by defendant Westvaco Chlorine Products Corp., stored pending delivery to a ship by defendant Standard Oil Company of New Jersey as agent of its owner, Tropical Oil Company, and delivered to defendant Denner, a trucker, whose employee, defendant Golliver, was engaged in transporting it at the time the leak was discovered. Defendants Westvaco Chlorine Products Corp. and Standard Oil Company of New Jersey each appeals from so much of the judgment as is in favor of plaintiffs and against it, and from an order granting extra allowances to certain plaintiffs. Defendant Standard Oil Company of New Jersey also appeals from so much of the judgment, as amended, as dismisses its cross complaint against defendant Westvaco Chlorine Products Corp. Order granting extra allowances reversed on the facts, and the motions denied, without costs. This negligence case was not extraordinary and difficult within the meaning of the statute. (Civ. Prac. Act, § 1513.) Judgment, as amended, insofar as appealed from, modified on the facts by striking therefrom the extra allowances granted by the court. As so modified, the judgment is affirmed, with one bill of costs to respondents Henry Margulies, Juliet Belsito, Anna Bogner and Philip Bogner; and one bill of costs to respondents Sam Novik, Joseph Abrahams and Jennie Solar. No opinion. Lewis, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., dissents in part with the following memorandum: I concur for reversal of the order granting an extra allowance to certain plaintiffs and concur for affirmance of the judgment, as amended, insofar as it dismisses'the cross complaints of the Standard Oil Company of New Jersey against defendant Westvaco Chlorine Products Corp., and insofar as it is in favor of plaintiffs-respondents and against Westvac'o Chlorine Products Cprp.; but insofar as the judgment, as amended, is in favor of plaintiffs-respondents and against defendant Standard Oil Company of New Jersey, I dissent and vote to reverse the judgment on the law and to dismiss the complaints as against that defendant. Defendant Standard Oil Company of New Jersey, as agent, stored the cylinder of liquefied chlorine in.its warehouse at Bayonne, New Jersey, between April 19, 1944, and June 1, 1944, on which day it delivered the cylinder to a trucker who was to take it to a pier for shipment by sea to its owner. It had received this cylinder from defendant Westvaco Chlorine Products Corp., which was charged by law and by custom with the obligation of inspecting it and of determining that it was in a safe and effective condition before refilling it with chlorine. Defendant Westvaco Chlorine Products Corp., in the course of its discharge of that obligation, had inspected the cylinder, repaired it and twice painted its base. The pitting or deterioration of metal at the base, which subsequently developed into a leak, was not a patent defect, but one which could have been ascertained by defendant Standard Oil Company of New Jersey only upon a minute inspection after wire-brushing the base. There was no proof that defendant Standard Oil Company of New Jersey was obliged to make such inspection and, in the absence of any circumstances which would serve to put it on notice that the cylinder was defective, it was not guilty of actionable negligence. (Liverani v. Clark & Son, 231 N. Y. 178,181; Kuhn v. City of New York, 274 N. Y. 118,132.) Plaintiffs also claim that defendant Standard Oil Company of New Jersey was negligent in failing to ascertain that the trucker had not provided suitable equipment with which to cope with a leak in. the event that one occurred during transportation and that the driver did not know how to deal with such an emergency. The trucker was duly licensed by the Interstate Commerce Commission to engage in transportation as a common carrier by motor vehicle. It is my opinion that it was not incumbent upon that defendant affirmatively to inspect the track and *829 interrogate the driver and so, in effect, to determine for itself the qualifications of the licensed common carrier for each individual shipment. [185 Mise. 139.]